Martha K. Zelman, J.
Plaintiff brings an action in the sum of $400 for breach of warranty under a policy purchased by the defendant, Queensboro Volkswagen on behalf of the complainant covering said claim.
Complainant testified that in December, 1975, she purchased a Volkswagen in the sum of $2,693 from the defendant; *1019 that an employee, Paul Sharet, the salesman for defendant solicited her at that time to purchase a policy from the Vehicle Protection Corporation for $100 premium out of the purchase price. Said policy coverage known as "Power Trained Warranty” was written by an alleged carrier known as Vehicle Protective Corporation. The policy covered the assured for breakdowns of her vehicle for under 12,000 miles over a 12-month period to take effect upon the expiration of the manufacturer’s warranty. The provision specified "twelve thousand miles or one year, which ever came first.” Plaintiff received an identification card from the Vehicle Protection Corporation at a later date. Queensboro Volkswagen Inc. handled the entire transaction with Vehicle Protective Corporation, the carrier.
On September 8, 1976, the assured had 5,000 miles on the purchased car when her transmission went. The assured notified the Vehicle Protection Corporation to make good on the warranty, and learned the carrier was not in business and was an unlicensed insurance company. The "power trained warranty” certified by the Vehicle Protection Corporation covers new and used passenger cars. The sample of the card, the identification card, gave her a number to call for a warranty service call. Plaintiff testified that at the place of business of defendant, Queensboro Volkswagen Inc. 51-30 Northern Boulevard, Woodside, N.Y. attractive advertising displays of the Vehicle Protection Corporation coverage were exhibited. Plaintiff described the advertisements and brochures given consumers explaining coverage under this power trained warranty policy. The material on display assured the consumer that, if, and when, the automobile purchased from defendant reached 12,000 miles or 12 months from the time that you purchased the car, your PC warranty will "take effect”. "Take your car to a dealer or service station and have the oil and oil filter changed; have the oil validation form filled and signed by the dealer or the service station and return a copy to us — should you have a breakdown relating to the power train, Vehicle Protection Corporation. We will give you all the necessary instructions so that repairs are promptly made.” "Our offices are open through Friday from 9:00 A.M. to 5:00 P.M., signed Vehicle Protection Corporation, by John P. Walzer, President.”
Sharet testified that he was an automobile salesman for defendant, Queensboro Volkswagen for more than 10 years, and that he had, in fact, sold the car to the plaintiff, and sold *1020 her the policy for a $60 premium, giving her this extra coverage. Sharet admitted that $60 was deducted from the price of the car; that in the regular course of business, defendant, Queensboro Volkswagen kept a separate book entering premiums received and fowarding premiums to Vehicle Protection Corporation. Sharet stated that commissions had been offered to him by the Vehicle Protection Corporation but that he had never received any. John Wortz, another employee testified that he was a used car manager, associated with Queensboro Volkswagen since May of 1975; that defendant offered this policy to its customers as a warranty insurance. He testified that while no commissions were paid to Queensboro Volkswagen, the deal was that they in return received from the Vehicle Protection Corporation more than 50% of the corrective work on cars as a result of honored complaints on transmissions breakdowns under this warranty.
The court finds that the following sections of law were violated, namely section 110 of the Insurance Law: "Any person, firm, association or corporation who or which in this state acts as insurance agent without having authority so to do by virtue of a license issued and enforced pursuant to the provisions of this chapter shall, except as provided in subsection two be guilty of a misdemeanor.”
This court also finds that the act of the defendant, Queensboro Volkswagen Inc. or its employees or salesmen purchasing this type of policy for their patrons constituted "doing business as an insurance agent without a license.” This is a violation of section 112 of the Insurance Law, entitled "Acting for or aiding unlicensed or unauthorized insurers”, subdivision 1 of which reads: "No person, firm, association or corporation shall in this state act as agent for any insurer which is not licensed or authorized to do an insurance business in this state, and the doing of any business of insurance in this state or in soliciting, negotiating or effectuating any insurance or annuity contract or shall in this state act as insurance broker in soliciting, negotiating or in any way effectuating any insurance or annuity contract of, or in placing risks with, any such insurer, or shall in this state in any way or manner aid any such insurer in effecting any insurance or annuity contract.” Defendant, Queensboro Volkswagen and or its employees or salesmen also violated section 126 of the Insurance Law, entitled, "Advertising by insurance agents, brokers and service organizations”, subdivision 1 of which reads: "No insur *1021 anee agent or insurance broker shall make or issue in this state any advertisement, sign, pamphlet, circular, card or other public announcement purporting to make known the financial condition of any insurer, unless the same shall conform to the requirements of section ninety-seven. No insurance agent, insurance broker or other person, shall, by any advertisement or public announcement in this state, call attention to any unauthorized insurer or assurers.”
The court on its own research learned that there was a temporary injunction issued October 12, 1976, finding the Vehicle Protection Corporation was conducting an insurance business without a license, which was a violation of section 40 of the Insurance Law. Under an order signed by the Honorable Justice James Niehoff, Supreme Court, Nassau County, Special Term Part 2, the dissolution of the Vehicle Protection Corporation was granted, and an injunction issued. The corporation is to be liquidated by the New York State Department of Insurance Liquidation Bureau.
See Burgess v Jackson (18 App Div 296) wherein it was held that "The defendants, by holding themselves out as persons constituting a firm, engaged in the business of effecting insurance, assumed to have the requisite knowledge, information, ability and skill to accomplish such purpose on behalf of those who should become their patrons. They were not insurers of the adequacy in financial condition of the companies from which policies were obtained through their advice and agency, but in whatever they did in that respect for others, they undertook to use reasonable care, skill and judgment, with a view to the security or indemnity for which insurance was sought.” (See, also, American Mut. Servs. Corp. v United States Liab. Ins. Co., 293 Supp 1082, 1084), wherein it was held that "an insurance broker who procures insurance in a company unauthorized to do business in New York is liable to the insured, based on his negligence in getting such insurance, even without proof of fraud.” (See, also, Murphy v Hall & Co., 228 App Div 415, 417, affd 254 NY 579.)
In the instant case defendant Queensboro Volkswagen Inc. solicited business from an unauthorized insurance carrier. Defendant advertised the Vehicle Protection policy without ever investigating the authority of the company. The evidence adduced at the trial does not warrant consideration as argued by defendant that it was "a mere forwarder” of an application. Defendant’s testimony was loud and clear that it stood to *1022 financially gain by soliciting the policy — the remuneration was the service work on an approved and honored claim by the alleged carrier, Vehicle Protection Corporation. Defendant in effect was in the business of selling insurance. Defendant had the requisite knowledge and information and duty to use reasonable care, skill and judgment to see that the carrier was a licensed insurance company under the laws of the State of New York. Defendant did not exercise any degree of care and in violation of law, placed insurance in a company not qualified to transact business in this State and prohibited by law from doing so. The policy obtained by the defendant was therefore void and the defendant is therefore charged with negligence and its consequences injurious to those whose confidence and faith it had acquired.
Judgment for the plaintiff in the sum of $400, plus $60 representing the premium collected from plaintiff.