■ THE PEOPLE OF THE STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, et al., Respondents, v AMERICAN MOTOR CLUB, INC., et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Milton H. Richardson, J.), entered April 8, 1987, which, upon reargument, *inter alia,* granted petitioners' motion to amend the petition to add Nicholas Neu as a respondent, determined that

respondents American Motor Club, Inc, Neu and John Senise had committed multiple violations of Insurance Law § 1102 for which they were jointly and severally liable to petitioners in the sum of $5,001,000, determined that respondents Neu and Senise had committed multiple violations of Insurance Law § 2117 for which they were jointly and severally liable to petitioners in the sum of $10,500, and directed said respondents to make restitution and pay damages to American Motor Club, Inc.'s customers, unanimously modified, on the law, to strike the provisions finding that respondent Neu committed violations of the Insurance Law and adjudging him personally liable in any respect, to strike the provisions finding that respondent Senise committed violations of Insurance Law § 1102 and adjudging him personally liable for the sum of $5,001,000 and, except as thus modified, affirmed, without costs or disbursements.

On this record it is clear, as the court of first instance found, that the prepaid collision service contract sold by American Motor Club (Club) is an insurance contract as defined by Insurance Law § 1101 (a) (1). The Club, in the event of body damage or mechanical or electrical damage caused by collision, fire, theft, windstorm, hail, flood, malicious mischief, or vandalism, was obligated to repair the damaged car or reimburse the consumer for the loss, regardless of cost. The consumer is obligated to pay only the annual agreement fee (the premium) plus a service charge (the deductible) for the repair. Both amounts are set at the time of application and neither bears any relationship to the cost of repair or the reimbursement. The "benefit of pecuniary value" need not be money. It includes any goods or service with monetary value. (See, Ollendorff Watch Co. v Pink, 279 NY 32.) That the Club purchased its own policy of reinsurance does not alter the fact that the contract is one of insurance. (Supra, at 37.) Nor is there any support for the Club's claim of estoppel since the other plans to which comparison is made differ materially and legally. Thus, on the basis of its finding, the court appropriately granted the injunctive relief sought and permitted amendment of the petition to join Neu, who was intimately involved in the Club's operations, as a party respondent. The simultaneous imposition of sanctions against Neu personally, however, violated proper statutory procedure (see, CPLR 3212 [a]) and deprived him of due process. Issue had never been joined. Neu was neither given notice that money sanctions were being sought against him personally nor afforded the opportunity to contest the propriety of imposing such liability.

His participation in the proceeding had been limited to defending the Club's position, and consisted principally of the argument that its service agreements were not insurance contracts. Thus, the provisions of the order/judgment imposing personal sanctions against him must be stricken.

Nor should personal liability have been imposed upon Senise pursuant to Insurance Law § 1102. The petition sought section 1102 penalties only against the Club. Moreover, Senise was never charged with violating section 1102 as a "person" doing an insurance business without a license. He was charged solely with "acting for and aiding an unauthorized insurer" in violation of Insurance Law § 2117. Even if we were to conclude from our own review of the record—the court made no findings in this regard, other than a recital in a decretal paragraph of the order/judgment which was submitted to the court without notice to respondents—that Senise had violated Insurance Law § 1102, he would still have been entitled to notice of the charges against him so that he could prepare and present his defense. *(See, Matter of Murray v Murphy,* 24 NY2d 150, 157.) Thus, we also vacate the provision awarding petitioners $5,001,000 against Senise. Since Senise does not challenge the provision directing the payment of restitution and damages, that provision remains intact and the hearings which have been directed shall be held, at least as to Senise. The record also supports the imposition of a civil penalty against Senise for his repeated violations of Insurance Law § 2117. Senise was engaged in the unlawful act of aiding the Club in the unlicensed and unauthorized sale of insurance for a period of approximately 22 months, which more than justified the penalty imposed.

Finally, it is suggested that on remand the court make specific findings of fact in support of its legal conclusions. Concur—Kupferman, J. P., Sullivan, Rosenberger and Ellerin, JJ.