■ ANNA MUTSCHNIK et al., Appellants, v SUMMIT BROKERAGE CORP., Also Known as SUMMIT BROKERAGE, INC., et al.,

Respondents.—In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Cohen, J.), entered February 2, 1988 as denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs brought the instant action to recover damages resulting from the defendants' alleged negligent and fraudulent failure to produce adequate insurance coverage for the plaintiffs' motor vehicle, a 1984 Cadillac Sedan DeVille Limousine. The plaintiffs are franchisees of a limousine concern providing service in the New York City area. The defendants Victor Zharov, Alex Zharov and "Jane" Zharov are alleged to be shareholders, officers, and employees of the defendant Summit Brokerage Corp., also known as Summit Brokerage, Inc.

In July of 1986 the plaintiffs contacted the defendants and requested that they procure insurance for theft, vandalism and collision repairs to the limousine. The defendants enrolled the plaintiff corporation as a member of the American Motor Club, Inc. (hereinafter AMC), a concern which was to provide the plaintiffs with insurance on their vehicle.

Pursuant to the terms of membership in AMC, the plaintiffs duly paid the appropriate premium.

On or about January 18, 1987, the plaintiffs' limousine was stolen, and shortly thereafter the plaintiffs filed a claim with AMC for benefits. By letter dated February 25, 1987, AMC denied the claim for benefits. Significantly the letter did not indicate the reason why benefits were being denied.

Approximately two weeks later, the plaintiffs received a cancellation notice from AMC dated March 13, 1987, indicating that their membership had been canceled due to nonpayment of the December 28, 1986 installment. This notice did not indicate the actual effective date of cancellation. Further it provided that the plaintiffs had five days from the date on the cancellation notice to obtain a reinstatement of benefits.

The plaintiffs commenced the instant action alleging, *inter alia,* that the negligent failure of the defendants to forward their premiums to AMC resulted in the lapse of coverage and that the defendants were negligent by virtue of their attempting to place coverage with a company unlicensed to underwrite insurance under the laws of the State of New York.

Following joinder of issue, the plaintiffs moved, *inter alia,*

for an order granting summary judgment on the negligence cause of action. The Supreme Court denied that branch of the motion, concluding that issues of fact existed as to the contract between the parties and the basis for noncoverage. We agree.

It is well settled that in order to grant summary judgment it must clearly appear that no material and triable issues have been presented. " '[I]ssue-finding rather than issue-determination is the key to the procedure' " *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Since summary judgment is the procedural equivalent of a trial, if there is any doubt as to the existence of a triable issue or where the material issue of fact is "arguable," summary judgment must be denied *(see, Phillips v Kantor & Co.,* 31 NY2d 307; *see also, Rotuba Extruders v Ceppos,* 46 NY2d 223). We note that the proof of the party opposing the motion must be accepted as true and considered in a light most favorable to it *(see, Dowsey v Megerian,* 121 AD2d 497).

We conclude, as did the Supreme Court, that material issues of fact exist as to whether the defendants were liable for the noncoverage of the plaintiffs by AMC. Therefore, the plaintiffs' motion for summary judgment was properly denied. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.