*599 OPINION OF THE COURT
Martin B. Stecher, J.
In this CPLR article 78 proceeding petitioner seeks a judgment requiring the respondents to accept the voluntary surrender of his insurance broker’s license and to prohibit the respondents from proceeding with license revocation, disciplinary, administrative and/or department hearings on the grounds that they are devoid of jurisdiction; that to continue those hearings would be in violation of petitioner’s constitutional rights.
On June 6,1989, a citation was issued to petitioner charging him with multiple violations of Insurance Law §2117 and with "incompetency [and/]or untrustworthiness” within the meaning of Insurance Law § 2110 (a) (4). The charges stemmed from petitioner’s activities in organizing and overseeing the American Motor Club, Inc. (AMC). Between 1985 and 1987, AMC, an unlicensed entity, issued prepaid automobile damage insurance policies in violation of Insurance Law §§ 1102 and 2117. These activities were permanently enjoined by this court in 1987 (Richardson, J.), in a proceeding by the Attorney-General and the Superintendent of Insurance (see, People v American Motor Club, 133 AD2d 593 [1st Dept 1987]).
The citation was returnable on July 7, 1989 and adjourned, at petitioner’s request, to August 1, 1989. Prior to the issuance of the citation, petitioner was given an opportunity to avoid the Department of Insurance proceedings by entering into a stipulation in which he admitted his wrongdoing. The effect of such a stipulation would be the same as if the license had been revoked after a hearing. Petitioner declined to do so. By letter dated July 13, 1989, he notified the Department of Insurance that he was surrendering his license. The surrender was rejected by the Department. On July 27, 1989, petitioner brought this proceeding and was granted a temporary restraining order enjoining the Department of Insurance from conducting a hearing with respect to the citation.
Senise argues that the refusal of the Superintendent of Insurance to accept surrender of his license and intention to proceed with the hearing are acts outside the Superintendent’s jurisdiction and would violate his constitutionally protected right of association. The Superintendent is given broad powers to implement legislative policy in conformity with his mandate to regulate the insurance business (see, Breau v Cunard Lines S. S. Co., 33 NY2d 508; 68 NY Jur 2d, Insur *600 anee, § 9, at 83). Specifically, he is empowered to conduct hearings (Insurance Law § 304) to investigate the charges alleged in the citation. He is not divested of that jurisdiction by the voluntary surrender of the license (Matter of Brooklyn Audit Co. v Department of Taxation & Fin., 275 NY 284; Mars Assocs. v Palmer, 140 Misc 2d 1005) or where the license has expired (Matter of Mendel & Son v New York State Dept. of Agric. & Mkts., 90 AD2d 567, lv denied 58 NY2d 610; Matter of Maine Sugar v Wickham, 37 AD2d 381). In the instant proceeding the disciplinary hearing was timely commenced and petitioner’s unilateral attempt to divest the Superintendent of jurisdiction (Mars Assocs. v Palmer, supra, at 1010) would frustrate the legislative directive that the Superintendent be empowered to discipline insurance brokers (see, e.g., Insurance Law § 109 [c] [1]; § 2117 [g]; § 2127), and deny the issuance of a license based upon a prior "revocation or suspension of such * * * license” (Insurance Law § 2103 [h]; see, Matter of Maine Sugar v Wickham, supra, at 384).
Finally, the issue of whether the Superintendent of Insurance’s refusal to accept the voluntary surrender of petitioner’s license constitutes a violation of his First and Fourteenth Amendment rights is moot. The license expired of its own volition on October 31, 1989. However, as discussed above, the surrender or expiration of that license does not affect the Superintendent’s right to hold an administrative hearing with respect to violations of the Insurance Law committed while petitioner was a licensed broker (Matter of Mendel & Son v New York State Dept. of Agric. & Mkts., supra). Furthermore, the Superintendent’s jurisdiction extends to monetary penalties and forfeitures (Insurance Law §§ 109, 2117 [g]; § 2127) of which he cannot be divested by voluntary surrender. Beyond that revocation limits subsequent license applications and restricts other activities of the licensee whose license has been revoked. The petitioner may not divest the respondent of this power.
In sum petitioner has failed to meet his burden that there exists a clear legal right to a writ of prohibition. The Superintendent is not without jurisdiction nor is he acting in "excess of [his] powers” by instituting the administrative hearing (see, Matter of Doe v Axelrod, 71 NY2d 484, 490).
Accordingly, the temporary restraining order issued by the court is vacated. The petition is denied and dismissed.