■ DARRYL HAMMOND, Respondent, v ADRIAN J. HUNKELE, Appellant.—In an action, *inter alia,* to recover damages for negligence, the defendant appeals from an order of the Supreme Court, Queens County (Durante, J.), dated October 20, 1988, which granted the plaintiff's motion for summary judgment on the issue of liability and directed an inquest on the issue of damages.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant, his insurance broker, alleging breach of contract, fraud and negligence in connection with the defendant's attempt to procure theft and collision insurance coverage for the plaintiff's new automobile. With the defendant's assistance, the plaintiff entered into a contract with the American Motor Club, Inc. (hereinafter AMC), which allegedly was to provide benefits in the event of fire, theft or collision. When the plaintiff reported his automobile stolen, AMC denied his claim for benefits under the contract. The plaintiff later learned that AMC was not licensed by the State to engage in the insurance business *(see, People v American Motor Club,* 133 AD2d 593).

The court granted the plaintiff summary judgment on the issue of liability, and we affirm. The evidence presented by the plaintiff in support of his motion established that the defendant was negligent in that he assisted the plaintiff in obtaining a contract with a company that was not licensed to engage in the insurance business in New York, in violation of Insurance Law § 2117 *(see generally, Murphy v Hall & Co.,* 228 App Div 415, *affd* 254 NY 579; *Burges v Jackson,* 18 App Div 296, *affd* 162 NY 632; *Lonigan v Queensboro Volkswagen,* 89 Misc 2d 1018). The defendant failed to present proof of the existence of triable factual issues which would warrant the denial of the plaintiff's motion *(see, Zuckerman v City of New York,* 49 NY2d 557; *cf., Mutschnik v Summit Brokerage,* 148 AD2d 427). Bracken, J. P., Kooper, Sullivan and O'Brien, JJ., concur.