■ JAMAICA BAY RIDING ACADEMY, Respondent, v WILLIAM F. SLACK, INC., Appellant. (And a Third-Party Action.) [611 NYS2d 612] —In an action, inter alia, to recover damages for negligence, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Gloria Cohen Aronin, J.), dated July 10, 1992, as granted the plaintiff's motion for summary judgment on the issue of liability, severed the third-party action, and directed a trial on the issue of damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, the Jamaica Bay Riding Academy, operates a riding stable in Brooklyn, New York. In April 1987, the plaintiff's president contacted the defendant, a licensed New York State insurance broker, and requested that it obtain a liability insurance policy to protect the plaintiff against claims arising from the operation of its stable. The defendant subsequently procured an equine liability insurance policy for the plaintiff through the Insurance Company of America (hereinafter ICA). However, after the plaintiff had filed three claims against the policy, it learned that ICA was insolvent and that it had never been licensed or authorized to engage in the insurance business in New York.

The plaintiff thereafter commenced this action against the defendant broker seeking to recover damages, inter alia, for negligence, and the Supreme Court awarded summary judgment in the plaintiff's favor. We now affirm.

In support of its motion for summary judgment, the plaintiff established its entitlement to judgment as a matter of law by submitting evidence which demonstrates that the defendant, in violation of Insurance Law § 2117, assisted it in obtaining an insurance policy with a company that was not licensed or authorized to engage in the insurance business in New York *(see, Hammond v Hunkele,* 170 AD2d 484; *Murphy v Hall & Co.,* 228 App Div 415, *affd* 254 NY 579). Moreover, in the absence of any proof that the defendant took steps to ensure that it procured a valid policy from a company which was licensed or authorized by the State to engage in the insurance business, we find that no genuine triable issue of material fact exists which would warrant the denial of the plaintiff's motion for summary judgment *(see generally, Zuckerman v City of New York,* 49 NY2d 557; *see also, Hammond v Hunkele, supra; cf., Mutschnik v Summit Brokerage Corp.,* 148 AD2d 427). Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.