Nicholas NEU, Plaintiff,

v.

Robert ABRAMS, as Attorney General of State of New York, James P. Corcoran, as Superintendent of Insurance of the State of New York and Salvatore Curiale, as Superintendent of Insurance of the State of New York succeeding James P. Corcoran, Defendants.

No. 93 Civ. 5419 (MEL).

United States District Court, S.D. New York.

Nov. 9, 1994.

Rosner & Goodman (Andrew J. Goodman, of counsel), New York City, for plaintiff.

G. Oliver Kopell, Atty. Gen., State of N.Y. (Marcie S. Mintz, Asst. Atty. Gen., of counsel), New York City, for defendants.

LASKER, District Judge.

Plaintiff Nicholas Neu and defendants Robert Abrams, James P. Corcoran and Salvatore Curiale, on behalf of the state of New York, cross-move for summary judgment under Fed.R.Civ.P. 56(c) on Neu's claim under 42 U.S.C. § 1983. Plaintiff's motion is denied and defendants' motion is granted.

This case has its origin in numerous New York state court proceedings relating to Neu's alleged violations of provisions of the New York Insurance Law which prohibit unauthorized persons from conducting an insurance business. Between 1985 and 1987, Neu was the president and chief operating officer of the American Motor Club, Inc. ("AMC"). AMC sold "prepaid service collision contracts" to New York automobile owners that, in theory, obligated AMC to repair automobiles damaged in collisions and other casualties. Persons holding contracts with AMC paid an annual fee and a service charge every

time their automobile was repaired. During AMC's two years in business, it sold approximately 40,000 service contracts.

Responding to consumer complaints that AMC had denied valid claims by contract holders, unreasonably delayed repairs and failed to repair vehicles in a workmanlike manner, the state commenced a proceeding against AMC and an individual defendant named John Senise in the Supreme Court, New York County, alleging that AMC and Senise were selling insurance in contravention of New York Insurance Law §§ 1102 and 2117. Neu was not initially named as a defendant in the state court proceedings.

On or about January 14, 1986, the state Supreme Court determined that AMC's prepaid service contracts were insurance contracts but denied the state's motion for sanctions as well as its motion to add Neu as a defendant. On April 8, 1986, however, the Supreme Court issued an Order and Judgment which granted the state leave to amend its petition to include Neu as a defendant and, at the same time, held Neu and Senise liable for multiple violations of Insurance Law §§ 1102 and 2117, for which they and AMC were jointly and severally liable together with AMC for an amount in excess of $5,000,000.

On October 29, 1987, the Appellate Division reversed the Supreme Court's order as to the imposition of sanctions against Neu. *People by Abrams v. American Motor Club, Inc.,* 133 A.D.2d 593, 520 N.Y.S.2d 383 (1st Dep't 1987). The court found that Neu had not received adequate notice of the state's allegations and accordingly had been deprived of an opportunity to oppose the imposition of sanctions. *Id.* 520 N.Y.S.2d at 385.

After further proceedings on remand, the Supreme Court found Neu liable for civil penalties under § 2117, issued a permanent injunction against his further aiding and abetting the unauthorized sale of insurance and set down for a hearing the issue of Neu's liability under Insurance Law § 1102.

The Appellate Division again reversed in part on April 9, 1992, holding that no questions of fact existed as to whether Neu violated Insurance Law § 1102. *People by*

*Abrams v. American Motor Club, Inc.,* 179 A.D.2d 277, 582 N.Y.S.2d 688 (1st Dep't 1992). The court wrote:

[O]n the prior appeal we indicated Neu could be held personally liable for violating both Insurance Law § 2117 and § 1102. Given Neu's prior admissions in this proceeding, it is clear, from the record herein, that he was intimately involved in AMC operations between March 1985 and March 1987 and there is no need for ... a hearing.

*Id.* 582 N.Y.S.2d at 693. The Appellate Division directed that the lower court's order be amended to include a finding of liability against Neu for violations of § 1102 and ordered that the case be remanded for a determination of the appropriate amount of civil penalties. *Id.* The New York Court of Appeals dismissed Neu's appeal. *People v. American Motor Club, Inc.,* 80 N.Y.2d 893, 587 N.Y.S.2d 909, 600 N.E.2d 636 (Ct.App. 1992).

On June 10, 1993, the Supreme Court issued a Modified Order and Judgment against Neu. In addition to incorporating the Appellate Division's findings as to Neu's liability, the state court found Neu personally liable for civil penalties in the amount of $5,011,-500—$1,000 for the first violation and $5,000,000 for subsequent violations of Insurance Law § 1102 and $500 for the first violation and $10,000 for subsequent violations of Insurance Law § 2117. Once again, Neu appealed to the Appellate Division, where a decision is pending.

On August 3, 1993, Neu filed an action under 42 U.S.C. § 1983 in this Court, seeking to vacate and enjoin enforcement of the June 10 order. Neu alleges both in his complaint and on this motion that the state courts' failure to conduct a jury trial before imposing a penalty under Insurance Law § 1102 violated rights guaranteed him by the Sixth Amendment because, as he argues, the penalty is purely punitive—and therefore criminal—in nature. The state cross-moves for summary judgment on numerous grounds, among them that this court lacks subject matter jurisdiction. The state is correct.

In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct.

238

1303, 75 L.Ed.2d 206 (1983), the Court restated the so-called "Rooker–Feldman doctrine," which holds that "lower federal courts possess no power whatever to sit in direct review of state court decisions." *Id.* at 483 n. 16, 103 S.Ct. at 1316 n. 16 (citation omitted). Specifically, lower federal courts lack subject matter jurisdiction either to review a state court's decision or to decide issues "inextricably intertwined" with that decision, the theory being that a court cannot rule on the latter without necessarily subjecting the state court to appellate-type review. *Id.* at 483–84 n. 16, 103 S.Ct. at 1316 n. 16. Put another way, once a litigant in state court has raised a claim there, the litigant must pursue the claim and all issues inextricably intertwined with it through the state system, seeking review in the federal courts, if at all, by petitioning for certiorari in the Supreme Court.

 There is no question that Neu's federal claim founders on the Rooker–Feldman doctrine. The issue of the extent of procedural protection Neu must receive has been addressed explicitly at least once during the course of the state proceedings—by the Appellate Division in its April 1992 decision. 582 N.Y.S.2d at 693. Moreover, the New York Court of Appeals must have considered the matter in deciding to dismiss Neu's appeal of that decision. While there is no indication on the record that Neu made constitutional claims in state court, a determination here that Neu is entitled under the Sixth Amendment to a trial would constitute a review of the state court's holding that Neu is not entitled to a hearing. Neu presently has an appeal pending in the Appellate Division of the New York Supreme Court; the remedy he seeks here lies in pursuance of that appeal and further ultimate appeal to the United States Supreme Court if necessary.

Because this court lacks subject matter jurisdiction, the defendants' motion for summary judgment dismissing the complaint is granted. It is so ordered.