OPINION OF THE COURT
Geoffrey J. O’Connell, J.
*441 In this action arising out of insurance coverage procured for the plaintiff by the defendant, an insurance broker, both plaintiff and defendant seek orders granting them summary judgment pursuant to CPLR 3212.
In this action plaintiff alleges that the defendant, an insurance broker, wrongfully placed plaintiffs liability insurance for its motel in Montauk, New York, with Legion Indemnity Company, an insurance carrier not admitted in the state of New York.
The policy in question covered the period between May 11, 2000 and May 11, 2001. It is alleged in a separate action that, on March 7, 2001, during the pendency of this coverage, a patron at plaintiffs motel fell and was injured. This individual, Erik Hanson, thereafter filed a negligence action against East Coast. That action is pending in Suffolk County Supreme Court, awaiting trial.
Legion insured the plaintiff for $1,000,000 under its policy. It hired attorneys to represent the plaintiffs interest in that action. Legion filed for bankruptcy in April 2003. Based on the insolvency, the attorneys representing plaintiff in the Hanson lawsuit were permitted to withdraw. Thereafter plaintiff had to hire its own attorney to defend it in that action at its own expense. Plaintiff claims that it has already incurred approximately $50,000 in expenses in connection with that action, and faces further expenses as the action is still pending.
Plaintiff brings this action contending that the defendant insurance broker is responsible to defend in that action and pay expenses incurred and any potential award.
In the complaint in its first cause of action plaintiff alleges that the defendant was negligent in placing its policy with Legion and that due to its negligence the defendant is required to pay plaintiff its total premium paid, legal and investigative expenses for the defense in the Hanson action, as well as for all future expenses related to the action. In its second cause of action plaintiff seeks a declaratory judgment stating that Genatt is obligated to indemnify the plaintiff for all legal and investigative or settlement or judgment expenses incurred in connection with the Hanson action and is obligated to reimburse the plaintiff for the premiums paid. In the third cause of action plaintiff alleges a breach of contract, and in the fourth cause of action plaintiff seeks damages for defendant’s fraud, including the defendant’s alleged deliberate failure to disclose to the plaintiff corporation that Legion was not admitted in New York, *442 and deliberate fraud in placing coverage with Legion when it knew it was not admitted and in filing of papers knowing that they were fraudulent. Plaintiff also seeks punitive damages.
Insurance Law § 2117 prohibits an insurance broker from placing insurance coverage for a New York resident with a nonadmitted and unlicensed insurance company in the state of New York. Insurance Law § 2118 provides an exception to this rule if the broker is a member of the Excess Line Association of New York, and files the appropriate papers with the State explaining the placement with this insured. Defendant Genatt is a member of the Excess Line Association. Plaintiff alleges that the defendant is liable for its expenses and damages in the underlying suit due to its failure to meet these requirements.
Plaintiff claims several failures on the defendant’s part: (1) it failed to secure three declinations from licensed insurance companies in the state of New York for the coverage involved as required by section 2118 of the Insurance Law; (2) it submitted a false affidavit to the Excess Line Association in violation of the insurance regulations; (3) it failed to give the plaintiff written notice prior to the placement of the coverage, effective May 11, 2000, that Legion was in fact unlicensed and not admitted in New York, and that plaintiff would not have the protection of the security laws of the State of New York in the event the insurer became insolvent; (4) it failed to file with the Excess Line Association an affidavit in proper form concerning three declinations of coverage and also failed to file with the Excess Line Association an affidavit that the defendant gave written notice to the plaintiff prior to the placement of coverage that Legion was not authorized in New York and that in the event of insolvency the plaintiff would not be protected by the laws of New York; and (5) it failed to file as required by the insurance regulations the agreement between it and Legion Indemnity Company.
Plaintiff contends that, due to these failures, particularly that in which Genatt failed to inform it of Legion’s status within New York as unlicensed, it is liable for the plaintiffs expenses incurred related to the Hanson suit.
Under Insurance Law § 2118, Genatt was required to contact three New York State licensed insurance companies it believed wrote insurance policies similar to the one issued by Legion. It was to secure three declinations from these companies prior to placing the policy with a nonadmitted company. Section 2118 also states that the defendant was to provide written notice to *443 the plaintiff that the coverage was made with an unauthorized insurer and that this notice shall be attached to the affirming broker’s affidavit wherein he notifies the plaintiff that the insurer was not authorized to do business in the state of New York and that any loss suffered in the event of insolvency by the insurer will not be covered by New York.
Defendant Genatt seeks a dismissal of the complaint contending that it met all the statutory and regulatory requirements permitting placement of this insurance with a nonadmitted carrier.
The defendant notes that New York allows excess line brokers, such as Genatt, to place coverage with carriers who are not licensed or authorized to do business in the state so long as certain prerequisites are met. These include giving the insured written notice that the placement is with an unauthorized insurer. (Insurance Law § 2118 [e] [2] [C].) Genatt notes that the period of insurance coverage in question was a renewal of a previous policy. Defendant offers proof that the plaintiff did in fact receive a declaration page which notified the insured that the policy was written by an insurer not licensed by the State of New York and not protected in the event of insolvency of the insurer. (Cross motion, exhibit D.)
Genatt provides evidence that, on August 11, 2000, its employee faxed plaintiff’s principal, Mr. Ken Walles, a form confirming to him that this coverage was placed with a nonadmitted insurance carrier. This form was signed by Walles on or about August 30, 2001. At his deposition, Walles conceded that his signature appears on the form stating the notice and warning. (Cross motion, exhibits I, N, O.) At his deposition, Walles further conceded that he spoke to Genatt’s employee about the form over the telephone prior to signing it, and that he read the entire form prior to signing it. (Cross motion, exhibit I.)
Genatt also provides evidence that it complied with the applicable regulations in that, within 45 days of procuring the excess line policy in question, it submitted the declaration page of the policy to the Excess Lines Association of New York for recording and stamping. It also provides proof that it submitted the proper statement, affirmed by the broker, that after a diligent effort, the full amount of insurance required could not be procured from an admitted insurance carrier and that the broker attempted to procure coverage from at least three admitted carriers. (Insurance Law § 2118 [b]; cross motion, exhibit H.) *444 These forms were filed on August 14, 2000. (Cross motion, exhibit E)
Genatt seeks a dismissal of the three causes of action alleged in the complaint contending that the plaintiff has demonstrated no legal basis for imposing liability on it. Genatt argues that the record demonstrates that it complied with the appropriate legal requirements pertaining to the placement of this policy, and there is no evidence that it was negligent or breached its contract with the plaintiff. Counsel for Genatt further argues that any technical or minor errors within the forms do not render them insufficient or would not result in any liability to the plaintiff in this action.
The court agrees with Genatt to the extent that the documentary proof presented demonstrates that the plaintiff was made aware that the insurer was not licensed in New York. However, the proof demonstrates that defendant did not comply with the applicable provisions of the Insurance Law relating to the placement with unlicensed insurance companies and there is no triable issue with respect to this failure.
As to the claim of negligence, plaintiff alleges that Genatt did not act with reasonable care, skill and judgment in selecting an insurance carrier for the client. (.Jamaica Bay Riding Academy v William F. Slack, Inc., 204 AD2d 398 [2d Dept 1994].) Defendant Genatt claims that it satisfied this requirement and, in fact, stated so by making its Insurance Law filings. The problem the court finds with this assertion is that the deficiencies in the filings were not “technical” or “minor” as characterized by Genatt.
In order to demonstrate that the broker exercises good faith when selecting a nonlicensed insurance carrier for a client, the State of New York requires that the broker “shall” provide proof that three insurance carriers declined to offer coverage for this risk. This is a requirement. The State also requires the broker to provide a sworn affidavit attesting to the search for more secure coverage.
In this instance, Edward DiGioia, the individual in whose name the forms were provided to the State, denies having performed such a search, and denies ever signing the form filed with the State (cross motion, exhibits G, F). In addition, Donna Fabrizio, the individual identified as employed by St. Faul Insurance Company, and as having declined to issue coverage, denies that she ever did so. (Motion, exhibit S.) These two denials are not disputed by Genatt.
*445 Genatt fails to provide evidence or testimony by another individual that it did comply with the provisions of Insurance Law § 2118 prior to procuring insurance for the plaintiff with Legion.
Based on the proof presented in this instance, the court finds that the broker’s failure to comply with the strict provisions of the Insurance Law is evidence that it did not act with reasonable care. Based on the proof presented, the court also finds that the defendant breached its contract with the plaintiff in failing to procure proper insurance for plaintiff.
Thus, that portion of the plaintiffs motion for summary judgment on the first and third causes of action is granted. The court finds that the admitted failure to strictly comply with the provisions of Insurance Law § 2118 constitutes a breach of Genatt’s fiduciary duty to the plaintiff. (Insurance Law § 2120.)
As to the plaintiff’s request for summary judgment on the second cause of action, seeking a declaratory judgment, that application is also granted. An insurance broker who breaches his duty to an insured by not obtaining proper insurance becomes liable to the extent that the carrier would have been. (Soho Generation of N.Y. v Tri-City Ins. Brokers, 256 AD2d 229 [1st Dept 1998].)
In this instance, the court finds no authority for the imposition of punitive damages. Thus, that portion of the defendant’s motion seeking summary judgment dismissing the fourth cause of action is granted; the remainder of its application is denied.