BURGESS CONSTRUCTION CO. and Employers Commercial Union Companies, Appellants,

v.

Jeanne L. LINDLEY, as the Beneficiary of Ronald Lindley, Deceased, and the Alaska Workmen's Compensation Board, Appellees.

No. 1705.

Supreme Court of Alaska.

Dec. 22, 1972.

Peter R. Ellis, Ketchikan, for appellants.

John E. Havelock, Atty. Gen., Michael R. Peterson, Asst. Atty. Gen., Juneau, for appellees.

Before RABINOWITZ, C. J., and CONNOR, ERWIN and BOOCHEVER, JJ.

## OPINION

BOOCHEVER, Justice.

This is an appeal by Burgess Construction Company and Employers Commercial Union Companies, the employer and insurance carrier for the deceased workman, from the judgment of the superior court affirming the decision of the Alaska Workmen's Compensation Board that appellee was a surviving wife entitled to compensation benefits for the death of her husband in a job-related accident.

Appellee, Jeanne L. Lindley, was legally married to deceased in 1951 and had four children. In 1967, appellee obtained a divorce from Ronald Lindley and was awarded $75 per month in alimony. Appellee never remarried between her divorce and the death of Ronald Lindley. Ronald Lindley, subsequent to his divorce from appellee, remarried twice, and was divorced from each of these subsequent wives. In 1968, Jeanne and Ronald resumed living together but never went through another formal marriage ceremony. Appellee testified at the hearing that the only reason they did not marry again was because of financial inability to go outside of Ketchikan for a ceremony and the embarrassment that a ceremony in Ketchikan would cause their children and friends who were under the impression that they had in fact remar-

ried. The couple lived together until the death of Ronald Lindley on December 10, 1970.

Appellants do not contest the fact of the accident or its job connection. They further concede the payment of benefits to the minor children. Their sole argument on appeal is that under AS 25.05.011 [1] appellee was not legally married to deceased at the time of his death; and that therefore, appellee was not entitled to benfits under the workmen's compensation statutes as a "surviving wife".

The workmen's compensation statute in question specifically provided: [2]

*Compensation for Death.* (a) If the injury causes death, the compensation is known as a death benefit and is payable in the following amounts to or for the benefit of the following persons:

. . . . . .

(2) if there is a surviving wife or dependent husband, to the surviving wife or dependent husband 35 per cent of the average weekly wages of the deceased, during widowhood, or widowerhood with $10,000 in one sum upon remarriage, but total compensation not to exceed $20,000 in the aggregate; if there is a surviving child or children of the deceased, the additional amount of 15 per cent of the average weekly wages for each child not to exceed 30 per cent of the average weekly wages, but the total amount payable to a widow or widower and children may in no case exceed 65 per cent of the average weekly wages, except as provided in (b) of this section; . . .

No definition of the term "surviving wife" is provided by the workmen's compensation statute but the terms "married" and "widow" are defined by the Act. AS 23.30.265(15) provides

"married" includes a person who is divorced but is required by the decree of divorce to contribute to the support of his former wife; . . . AS 23.30.265(21) provides

"widow" includes only the decedent's wife living with or dependent for support upon him at the time of his death, or living apart for justifiable cause or by reason of his desertion at such a time; . . .

 It is clear under the statutory definition of "married" that the decedent, though divorced, was "married" for the purpose of the Workmen's Compensation Act, for the divorce decree required him to contribute to appellee's support. It follows that under the Act appellee would be regarded as his "surviving wife". She qualifies as a "widow" for she was living with decedent at the time of his death and was dependent upon him for support.[3]

Under the marital and domestic relations laws of the State of Alaska "[n]o person may be joined in marriage in this state until a license has been obtained for that purpose as provided in this chapter. No marriage performed in this state is valid without solemnization as provided in this chapter."[4] We have held that common law marriages are thus not valid in Alaska.[5] The subject case involves similar contentions to those ruled upon by the

1. AS 25.05.011 provides:
 *Civil Contract.* (a) Marriage is a civil contract requiring both a license and solemnization which may be entered into by
 (1) a male who is 19 years of age or older with a female who is 18 years of age or older, who are otherwise capable, or
 (2) those who qualify for a license under § 171 of this chapter.
 (b) No person may be joined in marriage in this state until a license has been obtained for that purpose as provided in this chapter. No marriage per-

formed in this state is valid without solemnization as provided in this chapter.

2. AS 23.30.215(a).

3. The appellee, the appellants and the State of Alaska urged us to consider the equal protection argument which would result from the denial of benefits to a common law wife in such circumstances but we decline to consider this question at this time.

4. AS 25.05.011(b).

5. Edwards v. Franke, 364 P.2d 60, 63 (Alaska 1961).

United States Court of Appeals for the Ninth Circut in Albina Engine & Machine Works v. O'Leary [6] wherein the court stated:

> Neither the Oregon Workmen's Compensation Act nor the Longshoremen's and Harbor Workers' Act relate to or affect the marriage relationship as such. And the laws of the state regarding marriage are only tangentially relevant as they may bear upon the existence of the status of "wife" or "widow" for the purpose of identifying recipients of benefits under these remedial statutes.

> The application of state domestic relations law, developed in other contexts, to the solution of problems under workmen's compensation statutes, produces results which at best have only a fortuitous relation to the remedial purposes of the compensation acts, and often are in direct conflict with them. When the state law does provide a definition of marital status deliberately shaped to compensation act purposes alone, there is no reason why that definition should not be applied under the federal statute in preference to one drawn from the state's general domestic relations law.

The *Albina* case is discussed in Holland America Insurance Company v. Rogers, 313 F.Supp. 314, 320 (N.D.Cal.1970) as follows:

> The *Albina* case reiterates the accepted approach to dealing with problems of marital relations: that marriage is not a monolithic institution, but consists instead of separate and severable incidents. Thus where the policy of a state may preclude its courts from "recognizing", say, a marriage of one man to two women, it may be permissible for both

women to recover property from his estate on his death as his "wives", for recognizing a marriage for the purposes of the one incident would not violate the state's public policy as might recognition of it for other purposes. Similarly, in the instant case, this Court need not "recognize" the marriage of Angela Spies to Julian Spies in order to find that she is nonetheless entitled to at least some of the incidents of marriage, including the right to collect death benefits under a federal workmen's compensation law upon his death.

While, for some purposes, appellee would not have been recognized by the Alaska courts as married to the decedent, appellee qualifies for benefits as a "surviving wife" under terms of the Alaska Workmen's Compensation Act discussed above. The grant of benefits by the workmen's Compensation Board under the facts of this case is within the liberal humanitarian purposes of the Act [7] while a different reading of the statute would clearly frustrate this purpose.

The decision of the superior court is affirmed.

ERWIN, Justice (concurring).

While I readily concur in the result in this case, I cannot accept the supporting reasoning used by the majority. It is clear to me that the plain reading of the definitions found in AS 23.30.265(15) and (21) must exclude benefits for appellee, who can only be characterized as a common law wife after her divorce from the deceased and his remarriage. The workmen's compensation statute granting benefits to a "surviving wife" obviously refers to a legal wife as defined in Alaska statutes (AS 25.-05.011(b)).[1] While the rather strained in-

---

6. 328 F.2d 877, 879 (1964).

7. Gordon v. Burgess Constr. Co., 425 P.2d 602, 605 (Alaska 1967) ; Holland America Ins. Co. v. Rogers, 313 F.Supp. 314, 320 (N.D.Cal. 1970).

1. AS 25.05.011(b) provides:
 (b) No person may be joined in marriage in this state until a license has

been obtained for that purpose as provided in this chapter. No marriage performed in this state is valid without solemnization as provided in this chapter.

terpretation of the majority avoids ruling on the constitutional problem, it will create problems of statutory interpretation at a later date. Therefore, I feel it is incumbent on this court to decide the central issue in this case.

I find the statutory grant of workmen's compensation benefits to a legal wife and not a common law wife is a violation of Article I, § 1 of the Alaska Constitution, which guarantees all persons equal protection under the law. Such a classification constitutes impermissible discrimination for it would deny benefits under AS 23.30.-215(a)(2) solely because a "spouse" did not go through a formal marriage ceremony.[2]

In a recent decision, the United States Supreme Court stated, in voiding a Louisiana Workmen's Compensation statutory scheme providing for different benefits for legitimate and illegitimate children, that:

> The tests to determine the validity of state statutes under the Equal Protection Clause have been variously expressed, but this Court requires, at a minimum, that a statutory classification bear some rational relationship to a legitimate state purpose.[3]

The Supreme Court then reached the conclusion that the denial of Workmen's Compensation Benefits to an illegitimate child did not protect legitimate family relationships, but served to unjustly penalize those not guilty of wrongdoing. An analogous situation is presented in the case at bar. I can find no reasonable relationship between the legal formality of a marriage ceremony and the purpose of the Alaska Workmen's Compensation Act which compensates a dependent "spouse" for the death of a provider.[4]

Further, Alaska's prohibition against common law marriage is phrased solely in terms of marriages contracted within the state.[5] Presumably, this Court would adhere to the conflicts of law principle that the validity of a marriage is determined by the law of the place where contracted.[6] This would mean that common law marriages contracted in Alaska would not be recognized, but such marriages contracted outside the state and maintained within Alaska would be recognized and compensation benefits granted to a common law spouse. This would, in effect, permit a certain category of common law wives to recover benefits, but deny benefits to another category, thus constituting impermissible discrimination.

I would affirm the decision of the superior court on the basis that common law wives are entitled to benefits as a "surviving wife" under the Alaska Workmen's Compensation act.[7]

**2.** In this case approximately four years elapsed since the time the parties were divorced and resumed living together with their children. Problems of duration of common law marriage are obviously not present herein.

**3.** Weber v. Aetna Casualty and Surety Co., 406 U.S. 164, 92 S.Ct. 1400, 31 L.Ed.2d 768 (1972) ; *See also* Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436 (1968) ; Glona v. American Guarantee and Liability Insurance Company, 391 U.S. 73, 88 S.Ct. 1515, 20 L.Ed.2d 441 (1963).

**4.** Appellee concedes that appellant was dependent on the deceased for support at the time of his death.

**5.** AS 25.05.011(b).

**6.** *E. g.,* Loughran v. Loughran, 292 U.S. 216, 54 S.Ct. 684, 78 L.Ed. 1219 (1934).

**7.** The proposition that the wording of AS 23.30.265(15) and (21) as written denied appellee equal protection renders unconstitutional only those sections. It is settled federal law that while a statute may be unconstitutional in part, the portion which is constitutional may stand. E. g., Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). Alaska Statute 01.10.030 provides that "Any law . . . which lacks a severability clause shall be construed as though it contained the clause . . . . . "