Richard F. Kuhnen, J.
This is a motion by defendants for summary judgment in an action commenced by Mary Van Ostrand against the National Life Assurance Company of Canada and her former employer First National Bank and Trust Company of Ithaca.
While plaintiff was employed by First National, the bank carried a group life insurance policy for its employees. In January of 1972 a new feature of the plan was introduced which permitted employees to purchase insurance on the life of certain of their dependents, including spouses. Plaintiff purchased a policy on her husband’s life and paid the premiums by a payroll deduction system administered by her employer.
Before purchasing this policy, plaintiff was issued a booklet by the bank outlining the features and some of the provisions of the group life insurance plan. According to the booklet, upon joining the group plan the employee would receive a certificate of participation describing the group life insurance in detail. The booklet further stated that a group life policy, or master policy, had been issued to the employer bank, and that the rights and privileges of the employer, insured and beneficiaries would be governed by the terms of the master policy. The booklet also stated that the master policy would supersede and control any and all statements or explanations made elsewhere concerning the group plan.
On January 22, 1972 plaintiff purchased a $5,000 policy on the life of her then husband, Lawrence Van Ostrand. At that time she received the promised certificate describing generally the policy benefits. The certificate stated that "it is for refer *831 ence purposes only, and does not in itself confer any rights or benefits which are not conferred in the group policy.” The certificate also explained the policy’s conversion privileges under which a group policy could be converted to an individual policy if employment was terminated or if the insured dependent otherwise entered an ineligible class of dependent.
On August 18, 1972 plaintiff was divorced from her husband, but she continued to pay premiums on the group life insurance policy by means of the payroll deduction. On December 22 of that year Lawrence Van Ostrand died and the plaintiff shortly thereafter submitted a claim under the policy. Defendant insurance company rejected the claim, however, on the basis of the provisions of the master policy which had been issued to the defendant bank. The insurance company based its rejection on the provisions of the group policy which provided that "the insurance of the dependent under all coverage for which he is insured shall be discontinued on * * * the date which he ceases to be included within the definition of the term 'dependent’.” The group policy, as modified in May of 1972, defined "dependent” as "the spouse of an employee, while not legally divorced or legally separated from the employee.” Accordingly, the insurance company contends that the policy issued to the plaintiff on the life of her former husband on January 22, 1972 terminated on August 18, 1972, the date of her divorce.
At the time she originally contracted with the insurance company and up until her claim was rejected, plaintiff contends that she was unfamiliar with the terms of the group policy respecting termination upon divorce. She also alleges that this information was not specifically included in the booklet originally distributed to her nor was it found in the certificate issued to her at the time she contracted for the policy. In addition, plaintiff did not examine the bank’s copy of the master policy which contained the provisions in question until after her husband’s death nor had she been informed before his death that a copy of the master policy was available on the premises for her inspection.
Plaintiff was not advised of the effect of her divorce under the policy although some of the bank employees were familiar with her matrimonial difficulties. Specifically, Lorraine Wood, plaintiff’s immediate supervisor at the bank, was aware of the fact that plaintiff had obtained a divorce and Mary Slack, a bank employee in charge of administering the group policy, *832 knew that plaintiff was seeking a divorce although she did not learn the date of the divorce until after Mr. Van Ostrand’s death.
Plaintiffs complaint sets forth two causes of action. The first cause of action, directed against the defendant insurance company, is based upon plaintiffs right to recover under the insurance contract. This cause of action alleges that the insurance company is either estopped from asserting or has waived the policy conditions upon which liability is now being disclaimed because the documents issued to her did not set forth the pertinent provisions in full; and further because the insurance company represented to her that it would issue a certificate describing the policy terms in detail, but the certificate eventually received by plaintiff did not indicate that the policy on the life of a "spouse” terminated upon divorce.
A claim of this nature finds little support in our law. It has long been recognized that a master policy constitutes the contract of insurance between the employee and the insurer, and the certificate issued to the employee is merely evidence of the insurance. (31 NY Jur, Insurance, § 1652.) Moreover, where, as here, the certificate is expressly made subject to the terms and conditions of the master policy, the employee is bound thereby, and in the case of any conflict or ambiguity, it has been held that the master policy controls. (Blue Cross of Northeastern N. Y. v Ayotte, 35 AD2d 258; King v Sperry Gyroscope Co., 57 NYS2d 684; Seavers v Metropolitan Life Ins. Co., 132 Misc 719.)
This does not mean that an insurer may misrepresent or omit material terms, conditions or exclusions in the certificate given to the policyholder and then seek refuge from legitimate claims in the more limited provisions of the master policy. Where this problem has arisen in other jurisdictions, the courts have held that "significant” policy provisions either excluded from or at variance with the certificate issued to the policyholder are unenforceable. (Lecker v General Amer. Life Ins. Co., 55 Hawaii 624; Bauer v Insurance Co. of North Amer., 351 F Supp 873; Riske v National Cas. Co., 268 Wis 199.)
In the case at bar, however, the master policy limitation upon which defendant insurance company relies does not vary materially from that contained in the certificate issued to plaintiff. A "spouse” is a person to whom one is legally married. The language of the master policy which defines the *833 term "spouse” as excluding a person whom the employee has legally divorced, does not constitute a further limitation on the policy. Such a person is not a "spouse” either for the purposes of this insurance policy or for any other reason. The fact that plaintiffs former husband entered an ineligible class of dependents on the date of the couple’s divorce is apparent from the certificate itself and resort need not be made to the master policy to ascertain that fact. Accordingly, plaintiffs first cause of action is insufficient as a matter of law.
Plaintiffs second cause of action against the defendant bank includes two separate claims. The first is based upon breach of a statutory obligation and the second upon negligence. Plaintiff asserts that the bank had knowledge through its employees of her divorce and pursuant to subdivision 3 of section 204 of the Insurance Law it had a corresponding obligation to inform her of her conversion rights under the policy, but that it failed to do so in violation of this statutory duty. There have been instances in which the courts have imposed liability of this nature on employers as a result of their failure to comply with this section of the Insurance Law, but in each of these cases the employer had prior knowledge of the specific event which brought the group policy’s conversion privileges into effect. (See Mc Ginnis v Bankers Life Co., Des Moines, Iowa, 39 AD2d 393; Antinora v Nationwide Life Ins. Co., 76 Misc 2d 599.)
However, unlike the case of employment termination, where the employer does not have such knowledge or is not in control of the event triggering the policy’s conversion rights, the employer would hardly be in a position to notify the employee of his or her rights under the policy. Consequently, no liability would arise as a result of the employer’s failure to act in the absence of such information. The question presented here is whether or not the defendant bank had sufficient notice, as a matter of law, to justify the imposition of liability under these circumstances.
As a general rule, a corporation is not chargeable with knowledge of all that its agents know, but only with. those material facts which the agents have received or acquired while acting for the corporation within the scope of their agency and where it is their duty to report their knowledge to the corporation. (Corrigan v Bobbs-Merrill Co., 228 NY 58.) In this case, information concerning plaintiffs divorce was not transmitted to the bank in any such manner.
*834 As stated above, plaintiffs now deceased supervisor, Lorraine Wood, was aware of the fact that plaintiff had divorced her husband. However, Miss Wood held no official duty with respect to the administration of the group insurance policy, nor did her employment responsibilities extend to the gathering of personal information about other employees for group insurance or other purposes. Mary Slack, the bank employee in charge of administering the group policy, knew that plaintiff was involved in a divorce proceeding, but she had no knowledge that a final judgment of divorce had been granted. Furthermore, she did not acquire this information in the scope of her employment nor did the plaintiff so inform her for purposes of ascertaining her rights under the group life insurance policy. The fact that an employee knows that another employee has matrimonial problems is not sufficient notice to the corporation to warrant imposing the liability which plaintiff urges.
Plaintiff also contends in her second cause of action that the defendant bank was negligent in its administration of the group life insurance in that it failed to properly ascertain the terms and conditions of the policy and disseminate that information to its employees; that it failed to alert, educate and advise its employees with respect to the terms and conditions of the policy; and that it failed to inform its employees that a copy of the master policy was on file at the bank. The law does recognize a duty owed by an employer to an employee of good faith and due care in attending to a group policy secured for the employee’s benefit. (Mc Ginnis v Bankers Life Co., Des Moines, Iowa, supra; Antinora v Nationwide Life Ins. Co., supra.) The issue here is whether the duty encompasses those activities which plaintiff claims that the defendant neglected to perform relative to this policy. The court is of the opinion that it does not.
Due care and good faith in attending to the policy requires that the employer perform whatever functions are reasonable and necessary in order to keep the policy in effect: making payroll deductions, paying premiums to the insurance company, and any other activities inherent in the administration of the policy. This duty also requires that the employer avoid terminating the insurance policy or allowing it to lapse contrary to the desires and intentions of the employees. (See Degnan v Metropolitan Life Ins. Co., 178 Misc 312.)
This duty to attend to the policy, however, is not synony *835 mous with the duty to attend to the employee and it is this latter obligation which the plaintiff seeks to impose upon her employer. The functions which she claims defendant bank failed to perform bear little relation to the administration of the group policy, but instead are directed solely at enhancing the employee’s understanding and appreciation of the insurance contract. While this goal is admirable, it cannot be said that the employer owes such a broad and far-reaching duty to its employees because it has secured a group life insurance policy for their benefit.
Accordingly, judgment is granted in favor of the defendants.