Willa L. JAMISON, Appellant,

v.

CHURCHILL TRUCK LINES, INC., Respondent.

No. 44274.

Missouri Court of Appeals, Eastern District, Division Three.

March 16, 1982.

P. Terence Crebs, J. Reed Johnston, Jr., Peper, Martin. Jensen, Maichel & Hetlage, St. Louis, for appellant.

J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, for respondent.

SNYDER, Judge.

This is an appeal from a circuit court judgment affirming a decision of the Labor and Industrial Relations Commission (Commission) denying workmen's compensation death benefits to appellant. The thirty-six year marriage of appellant and decedent was dissolved on September 23, 1976, slightly more than a month before the accident which cost decedent his life. The judgment is affirmed.

Appellant's sole claim is that the Commission and the circuit court erred in ruling that the divorced spouse of a deceased person is not entitled to workmen's compensation death benefits. Appellant argues that the divorced spouse and the deceased person are still "related by marriage" for purposes of workmen's compensation benefits.

Appellant and her husband, Stanley E. Jamison, had been married 36 years. A decree dissolving that marriage was entered on September 23, 1976. As part of that decree the court ordered the decedent to pay appellant maintenance of $350 per month. Mr. Jamison, an employee of re-spondent, died as a result of injuries incurred in a motor vehicle accident which occurred on November 1, 1976.

The Workmen's Compensation Act provides for the payment of death benefits to dependents. The statute defines dependent as "a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his or her wages at the time of the injury." § 287.240(4), RSMo 1978.

Appellant argues she was entitled to benefits because she was related to the decedent by marriage even after the marriage was dissolved. This court rejects this argument. A marriage is a civil contract. § 451.010, RSMo 1978. A decree of dissolution terminates that contract. The decree ends the parties' marital relationship and they are free to remarry.

Appellant further argues the maintenance award and the dissolution court's continuing jurisdiction to modify the decree demonstrate that former spouses continue to be related by marriage after the dissolution. Maintenance and jurisdiction to modify the decree are remedies which are available when there is an early termination of the marriage contract.

Marriages involve long term commitments. Spouses often detrimentally rely on these commitments. Such reliance often requires long term remedies, such as maintenance. The decrees are modifiable because the law recognizes that unforeseen changes in circumstances may occur that render the original remedy inadequate. These remedies do not continue the marital relationship. Rather, remedies come into effect because the relationship has been ended.

Appellant cites *Seigfreid v. Seigfreid*, 187 S.W.2d 768, 769 (Mo.App.1945) for the proposition that alimony awards arise from the husband's obligation to support his wife and that obligation continues after the divorce. But *Seigfreid* was decided under the former divorce statute. The basis for maintenance under the Dissolution of Marriage Act is not a continuation of a husband's obligation to support his wife. Either spouse may be

awarded maintenance § 452.335 RSMo 1978.

Maintenance is awarded when one spouse has detrimentally relied on the other spouse to provide the monetary support during the marriage. If the relying spouse's withdrawal from the marketplace so injures his marketable skills that he is unable to provide for his reasonable needs maintenance may be awarded. *Brueggemann v. Brueggemann*, 551 S.W.2d 853, 857[2, 3] (Mo.App.1977). Maintenance provides a remedy for a spouse's reliance. Maintenance does not continue the marriage relationship itself.

Appellant also cites *Burgess Construction Co. v. Lindley*, 504 P.2d 1023 (Alaska 1972) in which the Alaska Supreme Court held that a divorced spouse was entitled to a workmen's compensation surviving wife benefit. The Alaska workmen's compensation statute, however, defined "married" to include "a person who is divorced but is required by the decree of divorce to contribute to the support of his former wife ..." Alaska Stat. § 23.30.265(15). The statute also defined "widow" to include the decedent's wife who was living with him at the time of death. Alaska Stat. § 23.30.265(21).

At the time of the decedent's death in *Burgess Construction Co. v. Lindley, supra*, the claimant had been living with decedent, although they had not remarried. The court concluded that the decedent met the statutory definition of "married" and claimant met the definition of "widow." The claimant was, therefore, the decedent's "surviving wife" for purposes of the workmen's compensation death benefit. *Burgess Construction Co. v. Lindley, supra* at 1024[1, 2]. The Missouri workmen's compensation statute contains no such definitions. *Lindley*, therefore, has no application.

This court knows that the Workmen's Compensation Act is to be liberally construed so as to resolve all ambiguities in the favor of the person seeking the benefits. *Henderson v. National Bearing Division of American Brake Shoe Co.*, 267 S.W.2d 349, 353[4] (Mo.App.1954). However, no ambiguity exists in this case. A decree of disso-

lution ended the parties' marital relationship. Appellant was, therefore, not a relative by marriage to the decedent at the time of the injury. The Labor and Industrial Relations Commission, therefore, properly denied her claim for death benefits.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.