Philip J. **SERRADELL**, Appellant,

v.

The **HARTFORD ACCIDENT AND INDEMNITY COMPANY,** Appellee.

No. S–4904.

Supreme Court of Alaska.

Dec. 18, 1992.

Kenneth W. Legacki, Anchorage, for appellant.

Jean E. Kizer, Bliss Riordan, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

RABINOWITZ, Chief Justice.

This appeal stems from a death benefit claim made by appellant Philip Serradell under a group accident insurance policy. The superior court granted summary judgment for Hartford Accident and Indemnity Company and entered judgment dismissing Serradell's claim. The superior court ex-

plained its judgment in the following manner:

> Serradell's right to recover under the group life insurance policy is governed by the policy itself and the surrounding circumstances. The enrollment form, brochure and policy taken together do not yield a reasonable expectation that Bertha Tikiun would be covered. There is no evidence that Serradell relied on any other representations by Hartford in entering the insurance contract.

We affirm.

## GENERAL BACKGROUND

Hartford issued a group accident insurance policy to Alaska U.S.A. Federal Credit Union, Bethel, in 1988. Hartford then solicited credit union members from Bethel and the surrounding villages to enroll in their plan by mail. Its solicitation consisted of a brochure describing the group policy and an enrollment application form. The policy provided for specified benefits if the insured died or was injured as a result of a covered accident; offered the option of enrolling in a family plan whereby the insured member could purchase coverage for eligible dependents; and provided for payment of a death benefit in favor of the insured member in the event an eligible dependent died as a result of a covered accident.

Serradell is part Italian and Yupik Eskimo. In 1977, he began living with Bertha Tikiun, a Yupik Eskimo. They never legally married, living together in what Serradell considered a common law relationship until Tikiun's death from accidental causes in 1989.[1] Tikiun was the mother of Serradell's two children. Following Tikiun's death, Serradell applied to Hartford for $50,000 in accidental death benefits he believed he was entitled to under the group accident insurance plan he had enrolled in with Hartford. Hartford denied Serradell's claim for death benefits on the basis that Tikiun was not an eligible dependent under the policy because she and Serradell were never legally married.

## THE BROCHURE, ENROLLMENT APPLICATION FORM, AND POLICY

The insurance brochure which Serradell received with his enrollment application form included a section entitled "Who is Eligible." This section reads as follows:

> If you are an Alaska USA member age 18 or older, you are eligible for accident protection insurance. In addition, your spouse under age 70, unmarried children under age 19, and unmarried children to age 23 who are full-time students and primarily dependent on you for support are also eligible for coverage.[2]

The enrollment application form contained a space for Serradell to identify beneficiaries. Following the caption "Member's Beneficiary" Serradell printed the names "Bertha Tikiun, Gabriel J. Serradell and Cherilyn M. Serradell ... Family."[3] Serradell also enrolled in the family plan under which "eligible dependents" were covered for an additional monthly premium.

The Certificate of Insurance which Hartford issued to Serradell defined "Covered Person" as "you, or your Eligible Dependents while you, he or she is covered under the policy." Of particular significance to the resolution of this appeal is the certifi-

---

**1.** Serradell and Tikiun lived in Nunapicuaq which is a small Native village located off the Kuskokwim River near Bethel.

**2.** The brochure also provided that:

> In addition to your own coverage, family coverage provides the following insurance for your dependents:
> • If you have a spouse only, 60% of your coverage.
> • If you have a spouse and children, your spouse is insured for 50% of your Principal Sum and each unmarried child under age 19

(23 for full-time students) is insured for 20% of your Principal Sum.
> • If you have children only, each child is insured for 25% of your Principal Sum to age 19 (23 if a full-time student).

**3.** This section of the enrollment form as completed by Serradell reads in full:

> Member's Beneficiary *Bertha Tikiun, Gabriel J. Serradell* and *Cherilyn M. Serradell* (the Beneficiary for my insurance of dependents is the Member). Relationship of Beneficiary to Member *Family.*

cate's description of spouse as an eligible dependent. In this regard the certificate provides: *"Spouse* means your spouse unless: (a) you and your spouse are legally separated or divorced." (Emphasis in original.)

## THE SUPERIOR COURT'S GRANT OF SUMMARY JUDGMENT

 Where there are no disputed facts the construction of an insurance contract is a matter for the court. *O'Neill Investigations v. Illinois Employers Ins. of Wausau,* 636 P.2d 1170, 1173 (Alaska 1981). Our precedents establish that insurance contracts are to be construed so as to provide that coverage which a layperson would have reasonably expected from a lay interpretation of the policy terms. An ambiguity exists when the contract as a whole and the extrinsic evidence support differing reasonable interpretations. *Stordahl v. Government Employees Ins. Co.,* 564 P.2d 63, 66 (Alaska 1977).

Hartford's position is that no ambiguity exists as to the meaning of the term "spouse" as used in the policy because they claim spouse means the member's lawful husband or wife. Since Serradell and the decedent were never legally married, the decedent was not Serradell's spouse and therefore did not qualify for coverage under the terms of the policy which extended coverage to "spouse and child(ren)."

Serradell's main contention is that in the past this court has "recognized that Native Alaskans have a unique and enriching culture which is different than that of urban Anchorage, and accordingly has accommo-

dated that different culture . . . [and that] Hartford failed to consider the unique lifestyle of the Alaska Natives and how Alaska Natives define family and spouse." Serradell further argues that although "[c]ommon Law marriage has been abolished in the state of Alaska . . . the Alaska Supreme Court has recognized that a family relationship may exist for some purposes even though formal legal requirements have not been met." [4]

 As indicated at the outset we are persuaded that Hartford should prevail in this appeal. There is no question that Serradell and Tikiun were never legally married or that Serradell and Tikiun ever applied for or obtained a marriage license from the State of Alaska or any other state. Serradell did testify that they attempted to have the Catholic, Moravian, and Pentecostal churches marry them, but all refused because Tikiun had been previously married and divorced. Given this background and the relevant portions of the insurance brochure, the enrollment form, and policy we hold that the superior court was correct in its conclusion that the policy can not reasonably be interpreted to provide coverage for Tikiun's death.

First, we conclude that there is no ambiguity in the brochure's enrollment forms, or policy's use of the term "spouse" which would lead a lay person to expect to recover death benefits for the death of his unmarried cohabitant.[5] The policy's definition of "spouse" establishes that spouse means a legal relationship.[6]

> We realize that unmarried couples are increasingly cohabiting and that many of these relationships are permanent and analogous to marital relationships. But they are not spousal relationships within the meaning of Minnesota law. Although Minnesota historically recognized common law marriage, it has been specifically abolished by the legislature. (citation omitted.) We cannot ignore that pronouncement.
> *See also, Van Ostrand v. National Life Assurance Co. of Canada,* 82 Misc.2d 829, 371 N.Y.S.2d 51 (N.Y.Sup.Ct.1975).

---

**4.** For this statement Serradell relies upon *Burgess Constr. Co. v. Lindley,* 504 P.2d 1023 (Alaska 1972) and *Calista Corp. v. Mann,* 564 P.2d 53, 59–62 (Alaska 1977).

**5.** There is no common law marriage in Alaska. *Edwards v. Franke,* 364 P.2d 60, 63–64 (Alaska 1961). *See also* AS 25.05.011(a) and (b).

**6.** In *Hedlund v. Monumental General Ins. Co.,* 404 N.W.2d 371, 373–74 (Minn.App.1987) the court concluded:
> However, "spouse" is commonly known to mean husband or wife. "The legal, as well as the ordinary, meaning of 'spouse' is one's wife or husband." (citations omitted.)

Second, we reject Serradell's contention that Hartford is estopped to assert Tikiun's ineligibility for coverage since it should have noticed the differences in the last names of the individuals Serradell listed as beneficiaries on the enrollment form. As Hartford points out, the different last name could have "indicated a wife who retained her maiden name, or even an adopted child." Further, Serradell's completed enrollment form did not describe Tikiun as a cohabitant, or common law spouse, or state that Serradell was seeking insurance for her as a spouse. Hartford had no knowledge that she was not an eligible dependent.

Third, we reject the contention that our decisions have established an exception to the rule against recognition of common law marriage which is applicable here. *Burgess Constr. Co. v. Lindley,* 504 P.2d 1023, 1024 (Alaska 1972) can not be read as establishing the proposition that, although Tikiun was not legally married to Serradell, she could be considered his spouse for purposes of group accident insurance benefits. *Burgess* involved worker's compensation death benefits. In that case we held that a woman with whom the decedent was living, but from whom he had been legally divorced, could qualify as a 'surviving wife'. Our decision was grounded upon the Workers' Compensation Act definition of married persons which included a decedent's divorced wife when the decree of divorce required support payments.[7] Nor does *Calista Corp. v. Mann,* 564 P.2d 53 (Alaska 1977) furnish support for Serradell's position. There we recognized the doctrine of equitable adoption for purposes of inheritance among Alaska Natives. Of significance is the fact that we cautioned:

We do not mean to imply that the doctrine of equitable adoption has any application beyond direct intestate succession nor that it could be employed in collateral inheritance situations.

*Id.* at 61 n. 21.[8]

CONCLUSION

The superior court's entry of summary judgment in favor of Hartford Accident and Indemnity Company is AFFIRMED.[9]

---

**7.** In regard to the definition of "married" we said in *Burgess* that:

It is clear under the statutory definition of "married" that the decedent, though divorced, was "married" for the purpose of the Workmen's Compensation Act, for the divorce decree required him to contribute to appellee's support. It follows that under the Act appellee would be regarded as his "surviving wife."

*Burgess Constr. Co. v. Lindley,* 504 P.2d 1023, 1024 (Alaska 1972).

**8.** *Proctor v. Insurance Co. of North America,* 714 P.2d 1156 (Utah 1986), relied upon by Serradell, is distinguishable. There neither the terms of the policy, nor eligibility for coverage were addressed.

**9.** We have considered all of Serradell's remaining arguments and have determined that they are without merit.