101 F.3d 682
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
THE GUARDIAN LIFE INSURANCE OF AMERICA,
Plaintiff-Counter-Defendant-Appellee,
v.
Joan B. ROMA, Defendant-Counter-Claimant-Appellant,
FELIX ROMA, SONS, INC., Defendant-Appellant,
Anthony F. ROMA, Defendant.
 No. 95-7907.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 1
 APPEARING FOR APPELLANTS:John H. Hartman, Levene, Gouldin & Thompson, LLP, Binghamton, N.Y.
 
 
 2
 APPEARING FOR APPELLEE:James F. Lee, Hinman, Howard & Kattell, LLP, Binghamton, N.Y.
 
 
 3
 N.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Before OAKES and PARKER, Circuit Judges, and KNAPP,* District Judge.
 
 
 6
 Defendants, Felix Roma & Sons, Anthony Roma, and Joan Roma who is also a counter-claimant, appeal from a final judgment entered in the Northern District of New York by Magistrate Judge David N. Hurd. The magistrate granted summary judgment in favor of the plaintiff, counter-defendant, Guardian Life Insurance Company (Guardian), finding that defendants had to repay medical expenses and life insurance benefits which were fraudulently collected. Guardian Life Insurance Co. v. Roma, 895 F.Supp 442 (N.D.N.Y.1995).
 
 
 7
 Defendants raise two issues on appeal. First, they maintain that the magistrate erred in finding as a matter of law that Laurence Roma, the son of Anthony and Joan Roma, was not entitled to coverage under a group insurance policy. Second, defendants contend that the magistrate erred in finding as a matter of law that plaintiff was entitled to restitution as a result of defendants' breach of its fiduciary duty under the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1001 et seq.
 
 
 8
 The undisputed facts in this case are that defendant Felix Roma & Sons (Roma, Inc.) is a family-owned corporation which operates a commercial bakery in Endicott, New York. Plaintiff Guardian is a mutual life insurance company which has established an ERISA regulated group policy that provides coverage to employees of participating employers.
 
 
 9
 On September 17, 1984, Roma, Inc. became a participating employer in plaintiff's group policy. It is undisputed that the plan is regulated by ERISA. Laurence A. Roma, now deceased, was the office manager for Roma, Inc. in September of 1984 and enrolled in the policy. Due to problems with alcohol and drug addiction, decedent ceased working for Roma, Inc. in March of 1985, although he was not officially terminated by Roma, Inc. which considered him disabled.
 
 
 10
 IRS records indicate that between March of 1985 and March of 1993, the decedent held a number of part time positions at various businesses. During this same time period, the company continued to claim decedent as a full time active employee, never notifying Guardian of the decedent's change in status.
 
 
 11
 Based on false representations that decedent was an active employee with Roma, Inc., Guardian paid medical expense claims in the amount of $7,216.07 between 1985 and 1993. Relying on the proof of death claim form submitted by Joan Roma, who was the beneficiary of the policy, Guardian paid her $100,910.00 in proceeds from the policy. When Joan Roma subsequently attempted to collect an additional $100,000.00 in accidental death benefits, plaintiff investigated the claim and discovered that Laurence Roma was not a full time employee at Roma, Inc. when he died. Plaintiff intitiated the instant action to recover the medical expenses and life insurance benefits it had paid to defendants.
 
 
 12
 Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). On appeal of a grant of summary judgment "we apply the same standard as the district court did in deciding the Rule 56 motion and determine de novo whether a genuine issue as to any material fact exists" Taggart v. Time, Inc., 924 F.2d 43, 45-46 (2d Cir., 1991); Fed.R.Civ.P. 56(c). We affirm only if no reasonable trier of fact could have found in the non-movant's favor. Taggart, 924 F.2d at 46.
 
 
 13
 Defendants argue that the magistrate erred as a matter of law when he found that defendants had not continued coverage for decedent as a disabled employee. Plaintiff maintains that the policy permits continued coverage, but that decedent could not be covered because he was not disabled and because Roma, Inc. did not have a "plan" for such continued coverage.
 
 
 14
 The insurance policy was comprised of an Employer Rider and a Master Group Policy. The relevant portions of the Employer Rider provide that the policy covers active, full-time employees. It also provides that if an employee's active employment ends because he is disabled, the employer may continue coverage if they have a plan for such coverage. The term "disabled" is not defined in the Employer Rider.
 
 
 15
 The magistrate determined that decedent was not covered by the policy because he was not an active employee, he was not disabled, and Roma, Inc. did not have plan for covering disabled employees. The magistrate correctly determined that decedent ceased being an active, full-time employee in March of 1985. Thus, the only way he could be covered is under the provision for continuing coverage for a disabled employee.
 
 
 16
 Under the terms of the policy, in order for decedent to be covered under the provision for disabled employees, the employee's active full-time service must come to an end because he is disabled. Defendants maintain that the term "disabled" is ambiguous. We disagree with defendants' contention. Relying on the following definition of disability: "absence of competent physical, intellectual or moral powers; impairment of earning capacity; loss of physical function that reduces efficiency; inability to work." Blacks Law Dictionary 461 (6th ed.1990), the magistrate found that decedent was not disabled. Defendants provide no evidence to suggest that decedent was disabled under this definition. We see no error in the magistrate's determination that decedent was not disabled.
 
 
 17
 Since we agree that defendant was not disabled, we need not reach the the issue of whether or not the plan was ambiguous. We affirm the magistrate's determination that decedent was not covered under the policy since he was not an active employee, there was no plan for disability coverage, and decedent was not disabled. We turn now to consideration of defendants' claim that the magistrate erred when he found that plaintiff's were entitled to restitution because defendants' breached their fiduciary duty.
 
 
 18
 The magistrate properly found that pursuant to ERISA, Roma, Inc. was a fiduciary under the plan because it exercises discretionary control or authority over the plan's management. 29 U.S.C. § 1002(21)(A). Fiduciaries must discharge their duties "with care, skill, prudence and diligence under the circumstances then prevailing...." 29 U.S.C. § 1104(a)(1)(B). In this case, there was undisputed evidence that Roma, Inc. failed to submit a change of status form indicating that decedent was no longer an active full-time employee. In representing that decedent worked for Roma, Inc. and lived in Endicott, New York, the company, at the direction of its president, defendant Anthony Roma, knowingly submitted false information to Guardian. In a fiduciary relationship, the knowing submission of false information by one of the parties results in a breach of those fiduciary duties. The breaching party is responsible for damages. Mertens v. Hewitt Assocs., 113 S.Ct. 2063 (1993).
 
 
 19
 ERISA also provides that non-fiduciaries may be liable in restitution to address violations of the terms of a plan. 29 U.S.C. § 1132(a)(2). In this case, defendant Joan B. Roma, decedent's mother and beneficiary of the life insurance policy, submitted a death claim form which indicated that he lived in Endicott, New York, at the time of his death. She testified that in fact he was living in York, Pennsylvania when he died. Thus, the magistrate properly determined that both Roma, Inc. and Joan Roma were liable for restitution of the claims paid after decedent stopped working for Roma, Inc.
 
 
 20
 Having reviewed all of the claims de novo, we agree with the magistrate's determination that there were no genuine issues of material fact in this dispute. Plaintiff's motion for summary judgment was properly granted.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation