**Cherie Blair GEORGAS, Plaintiff,**

v.

**KREINDLER & KREINDLER, First Unum Life Insurance Company and Provident Insurance Company, Defendants.**

**No. 97 CIV. 0511(CBM).**

United States District Court,
S.D. New York.

March 10, 1999.

Morgan E. Shulman, Grey & Grey, L.L.P., Farmingdale, NY, for Plaintiff.

Evan L. Gordon, Evan L. Gordon, New York, NY, for Defendant First Unum Life Ins. Co.

Thomas J. Mulligan, Windells, Marx, Davies & Ives, New York, NY, for Defendant Provident Ins.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff brings this action against her former employer, Kreindler & Kreindler, First Unum Life Insurance Co. ("First Unum"), and Provident Insurance Co. ("Provident"), alleging breach of contract, breach of fiduciary duty, and negligent selection of an administrator for Kreindler & Kreindler's group long term disability employee benefit plan ("EBP"). Plaintiff seeks payment of all benefits she claims are owed to her pursuant to the EBPs she

participated in while in Kreindler & Kreindler's employ. Kreindler & Kreindler seeks to be dismissed from this action on the grounds that it voluntarily procured the group long term disability policies as a gratuitous benefit for its employees and is not under any fiduciary nor contractual duty to plaintiff. Kreindler & Kreindler further argues that it used reasonable care and acted in good faith when selecting First Unum to be its insurance carrier. For the reasons stated below, the court grants Kreindler & Kreindler's Fed. R.Civ.P. 12(b)(6) motion to dismiss.

## BACKGROUND

Plaintiff Cherie Georgas ("Georgas") was employed by Kreindler & Kreindler, a New York law firm, from July 1992 through May 1995. *See* Am. Compl. ¶ 16.[1] This dispute arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and involves the denial of long term disability benefits. Georgas brings three claims against the defendants: (1) breach of contract; (2) breach of fiduciary duty; and (3) negligent selection of Unum as an EBP administrator by Kreindler & Kreindler. Georgas alleges in her complaint that Kreindler & Kreindler was the trustee of the EBPs, and First Unum and Provident were the administrators of the two EBPs at issue. *See Id.* ¶¶ 22–24.

Kreindler & Kreindler purchased a group long term disability insurance policy, policy number 452240 ("Unum Policy"), from First Unum in July 1989. The Unum Policy was effective from July 15, 1989 through April 30, 1994. *See* Stein Aff. Supp. Def.'s Mot. Dismiss ("Stein Aff.") ¶ 4. Kreindler & Kreindler then changed its group long term disability insurer and purchased another group long term disability insurance policy, policy number 121486–01 ("Provident Policy"), from Prov-

ident. The Provident Policy was effective from May 1, 1994 through June 30, 1995. *See Id.* ¶ 5.[2]

On March 19, 1994, Georgas became disabled and applied for long term disability benefits under the Unum Policy. She was approved for benefits by First Unum on October 28, 1994. However, on January 10, 1995, First Unum refused to continue Georgas' long term disability benefits. Georgas returned to work for Kreindler & Kreindler on January 26, 1995, but she resigned from her position at Kreindler & Kreindler on May 22, 1995 because of her alleged continuing disability. On June 28, 1995, Georgas reapplied for long term disability benefits with First Unum, but her claim was denied on or about July 11, 1995. According to the complaint, Georgas submitted medical documentation to First Unum on September 8, 1995, but on October 2, 1995, First Unum again denied her request for benefits. Georgas also alleges in her complaint that Provident has refused to pay her any long term disability benefits to date. *See* ¶¶ 31–46.

Georgas initially filed this lawsuit on January 22, 1997. Georgas filed an amended complaint on July 29, 1997 and a second amended complaint adding Provident as a named defendant on November 25, 1997. On February 4, 1998, Kreindler & Kreindler filed a motion to dismiss the second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On January 7, 1999, Provident and Georgas filed a stipulation with the court, dismissing the case, without prejudice, against Provident, leaving First Unum and Kreindler & Kreindler as the remaining defendants. Presently before the court is Kreindler & Kreindler's motion to dismiss.

---

1. All references to the complaint are to the amended complaint filed on July 29, 1997.

2. There is no dispute between the parties that the group long term disability EBPs are sub-

ject to ERISA under ERISA's definition of an employee welfare benefit plan. *See* 29 U.S.C. §§ 1002(1) & 1002(2)(A).

## DISCUSSION

### I. Fed.R.Civ.P. 12(b)(6) Standard For Dismissal

A motion to dismiss for "failure to state a claim upon which relief can be granted" pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Mills v. Polar Molecular Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993); *Goldman v. Belden,* 754 F.2d 1059, 1065 (2d Cir. 1985); *Seagoing Uniform Corp. v. Texaco, Inc.,* 705 F.Supp. 918, 927 (S.D.N.Y.1989). Therefore, on a motion to dismiss, all factual allegations of the complaint must be accepted as true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Frasier v. General Elec. Co.,* 930 F.2d 1004, 1007 (2d Cir. 1991). Additionally, all reasonable inferences must be made in plaintiffs' favor. *See Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996); *Meilke v. Constellation Bancorp,* 90 Civ. 3915(LMM), 1992 WL 47342 at *1 (S.D.N.Y. March 4, 1992). As the Second Circuit has noted, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman,* 754 F.2d at 1067.

### II. Breach of Contract Claim

Plaintiff alleges that the denial of long term disability benefits by First Unum and Provident constituted a breach of contract by Kreindler & Kreindler. Plaintiff claims that the EBP constituted a contract between plaintiff and Kreindler & Kreindler, which was subsequently breached when plaintiff was denied benefits by First Unum and Provident, acting as agents of Kreindler & Kreindler.

As a matter of law, Kreindler & Kreindler owed no contractual duty to plaintiff. Under New York law, "the act of an employer in securing insurance upon the lives of its employees as a mere gratuity creates no contractual obligation on the part of the employer toward the employees" 71 *NY Jur.2d Ins.* § 2243 (1998); *cf. Van Ostrand v. Nat'l Life Assurance Co.,* 82 Misc.2d 829, 371 N.Y.S.2d 51, 56–57 (Sup.Ct.1975) (holding employer did not have any obligation to inform employee of her conversion rights under group life insurance policy procured for its employees benefit).

Kreindler & Kreindler purchased the disability EBPs as a gratuitous benefit for its employees. Georgas does not allege that the insurance policies were prescribed under any collective bargaining agreement or other employment contract between Kreindler & Kreindler and its employees. *See* Tr. at 10.[3] Indeed, the complaint is bereft of any factual support to demonstrate that Kreindler & Kreindler intended these benefits to be anything other than a gratuity. Therefore, although plaintiff claimed in her 3(g) statement that the Provident and Unum policies were not gratuities, *see* Pl.'s 3(g) Stm't ¶ 4, her claim lacks the necessary factual support to withstand this challenge for dismissal.

### III. Breach of Fiduciary Duty Claim

Plaintiff's second claim alleges that Kreindler & Kreindler breached its fiduciary duty to plaintiff by denying her benefits under the EBPs. As with the contract claim, plaintiff's complaint fails to allege facts to support this claim. ERISA provides that only in certain circumstances does an employer assume a fiduciary duty to its employees regarding the administration of a group insurance plan. As defined under ERISA, a fiduciary is one who "exercises any discretionary authority or

---

**3.** All references to the transcript refer to the hearing on this motion on November 17, 1998.

discretionary control respecting management of [an ERISA regulated] plan ... disposition of its assets ... or in the administration of such plan" 29 U.S.C. § 1002(21)(A); *see also Guardian Life Ins. Co. v. Roma,* 895 F.Supp. 442 (N.D.N.Y.1995), *aff'd,* 101 F.3d 682, 1996 WL 167752 (2d Cir.1996) (holding employer to be an ERISA fiduciary because it exercised discretionary control and authority over the policy's management and administration); *cf. Swanson v. Sioux Valley Empire Elec. Assoc., Inc.,* 535 N.W.2d 755, 757 (S.D.1995) ("while an employer [or group policy holder] must respect the rights of the insureds, it does not stand in any particular position of trust or owe a fiduciary duty to them").

Here, plaintiff has failed to allege any facts in her complaint to show that Kreindler & Kreindler played any decision-making role in the administration or management of either the Unum or Provident policies. The complaint states that First Unum and Provident were the administrators of their respective policies. *See* Am. Compl. ¶¶ 23, 24. It states that Georgas was denied benefits. *See* Am. Compl. ¶¶ 33, 36, 38, 41, 46. However, the complaint fails to allege what actions, if any, Kreindler & Kreindler took regarding the denial of plaintiff's benefits. During oral argument, plaintiff's counsel alleged two facts to show Kreindler & Kreindler's involvement in the administration and management of the policies: (1) that Kreindler & Kreindler allegedly advised Georgas to file a second claim with Unum; and (2) that Kreindler & Kreindler allegedly gave plaintiff Provident paperwork to file, although the proper insurer was Unum. *See* Tr. at 6–7.

Even accepting these factual allegations as true, the court is constrained by what factual support is present in the complaint. *See, e.g., Automated Salvage Transp. Inc. v. Wheelabrator Envtl. Sys., Inc.,* 155 F.3d 59, 67 (2d Cir.1998) (limiting review of 12(b)(6) motion to dismiss to facts stated on the face of the complaint or incorporated therein by reference). Since the face of the complaint bears no factual support for the breach of fiduciary duty claim, this claim must be dismissed.

■ This decision does not rest on a mere technicality of law, however. Even if the facts that plaintiff brought out during oral argument had appeared in the complaint, this claim would still be dismissed. Plaintiff has presented no evidence to show that Kreindler & Kreindler was in any way involved in the management or administration of the EBPs at issue. The facts alleged above are immaterial to establishing Kreindler & Kreindler's role in the denial of plaintiff's benefits. Furthermore, the policies make clear that Unum and Provident have the exclusive role of determining whether an employee will be granted disability benefits. *See* Unum Policy, Ex. A to Stein Aff. at p. L–BEN–1 ("When [First Unum] receives proof that an insured is disabled due to sickness or injury ..., [First Unum] will pay the insured a monthly benefit ...."); Provident Policy, Ex. B to Stein Aff. at 24 ("[Kreindler & Kreindler] delegates and agrees that [Provident] shall have *full, exclusive, and discretionary authority* to control, manage, and administer claims, and to interpret and resolve all questions arising out of the administration, interpretation, and application of this Policy") (emphasis added).

■ Although there is a general duty of good faith and due care owed by an employer to an employee in attending to a group policy secured for the employee's benefit, "this duty is not synonymous with the duty to attend to the employee" *Van Ostrand v. Nat'l Life Assurance Co.,* 82 Misc.2d 829, 371 N.Y.S.2d 51, 57 (Sup.Ct. 1975) (holding employer not liable for claim of negligent administration of group life insurance policy after failing to educate its employees about the terms and conditions of the policy). Accordingly, this duty does not impose liability on employers who fail to perform tasks that only "enhanc[e] the employee's understanding and appreci-

ation of the insurance contract. While this goal is admirable, it cannot be said that the employer owes such a broad and far-reaching duty to its employees because it has secured a group life insurance policy for their benefit" *Id.* Thus, in this context, Kreindler & Kreindler cannot be said to have owed any fiduciary duty to plaintiff on the basis of plaintiff's factual allegations as presently stated.

Plaintiff also contends that Kreindler & Kreindler may be liable for breach of fiduciary duty under an agency theory whereby First Unum acted as an agent of Kreindler & Kreindler when they denied plaintiff's claim. However, this theory is unconvincing given the unambiguous language in the policy, which provides that Kreindler & Kreindler is *not* an agent for First Unum. *See* Unum Policy, Ex. A to Stein Aff. at p. L–GPP–3 ("For all purposes of this policy, [Kreindler & Kreindler] acts on its own behalf or as agent of the employee. *Under no circumstances will [Kreindler & Kreindler] be deemed the agent of [First Unum]*") (emphasis added).

■ Finally, employees like Georgas were merely "eligible" for coverage under the EBPs. *See Id.* at p. L–EFF–1; Provident Policy, Ex. B to Stein Aff. at 3. Both the Unum and Provident policies were agreements between Kreindler & Kreindler, as policy holder, and Unum and Provident, as insurance carriers, respectively. *See* Unum Policy, Ex. A to Stein Aff. at p. L–1; Provident Policy, Ex. B to Stein Aff. at 1. Therefore, the procurement of such policies created no fiduciary duty between Kreindler & Kreindler and Georgas, despite plaintiff's conclusory statements that Kreindler & Kreindler played an active role in making decisions regarding claims. *See* Pl.'s 3(g) Stm't ¶¶ 2, 3.

Thus, plaintiff's claim that Kreindler & Kreindler breached its fiduciary duty to plaintiff is legally insufficient and must be dismissed.

## IV. Negligent Selection of an Administrator Claim

■ Plaintiff's third claim is that Kreindler & Kreindler was negligent in its selection of First Unum as its insurance carrier. Generally, an agent or a broker acting on behalf of an insured "must act with reasonable care, skill, and judgment in selecting an insurance carrier for the client" 42 *A.L.R.5th* 199 (1996); *See also Jamaica Bay Riding Academy v. William F. Slack, Inc.,* 204 A.D.2d 398, 611 N.Y.S.2d 612 (2nd Dept.1994) (holding agent liable for procuring equine liability insurance with insolvent insurer for horseback riding company). However, as noted *supra,* there is no contractual or fiduciary duty, either express or implied, between Kreindler & Kreindler and plaintiff. Therefore, Kreindler & Kreindler cannot be said to be plaintiff's agent and thus owed plaintiff no duty of care.

However, some jurisdictions have imposed an affirmative duty on the agent or broker to investigate the financial solvency of the insurance carrier before entering into a policy with it. *See e.g. Swanson v. Sioux Valley Empire Elec. Assoc., Inc.,* 535 N.W.2d 755, 758 (S.D.1995); *Nidiffer v. Clinchfield R. Co.,* 600 S.W.2d 242 (Tenn.App.1980). Even if this rule were adopted in New York, Kreindler & Kreindler has satisfied this requirement. Kreindler & Kreindler asserts that it conducted adequate research to determine that First Unum was a financially solvent company before selecting it to be its insurer. *See Def.'s Mem. Supp. Mot. Dismiss* at 10. Its research showed that First Unum was licensed in New York, that it was reputable, and most importantly, that it was financially solvent, as evidenced by its net worth of over $128 million. *See Id.* Plaintiff has offered no allegations supporting a contrary finding.

■ However, the law in New York does not place any special duties on an employer regarding its selection of an EBP administrator when it voluntarily offers its employees group long term disabil-

ity benefits. As such, Georgas has failed to state a proper claim for negligent selection of an insurance carrier. Therefore, this court finds that this claim must also be dismissed.

### CONCLUSION

As a matter of law, this court concludes that Kreindler & Kreindler did not have a fiduciary or contractual duty to Georgas regarding the administration of her disability insurance benefits. Since Georgas failed to allege any facts to demonstrate, or from which to reasonably infer, that Kreindler & Kreindler had any decision-making role in plaintiff's denial of benefits, she has failed to state a claim against Kreindler & Kreindler for breach of contract or breach of fiduciary duty. The court also concludes Kreindler & Kreindler acted reasonably and in good faith when selecting First Unum as its insurance carrier, although it was under no duty to do so. Therefore, plaintiff's claim of negligent selection of an administrator is also dismissed. Thus, this action is dismissed in its entirety as against Kreindler & Kreindler.

SO ORDERED.